**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.R., B.R., R.R., A.R., W.R., J.L., and U.C.**

**No. 22-948** (Jackson County CC-18-2021-JA-121, CC-18-2021-JA-122, CC-18-2021-JA-123, CC-18-2021-JA-124, CC-18-2021-JA-125, CC-18-2021-JA-126, and CC-18-2021-JA-127)

**MEMORANDUM DECISION**

Petitioner Mother S.B.[1] appeals the Circuit Court of Jackson County's November 30, 2022, order terminating her custodial rights to the children, C.R., B.R., R.R., A.R., W.R., J.L., and U.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's August 26, 2022, and November 30, 2022, orders is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In November 2021, the DHHR filed a petition alleging that petitioner failed to provide appropriate housing for the children and that she abused illegal substances. When investigating a referral, a Child Protective Services ("CPS") worker observed petitioner and two of the children in a tent near a camper belonging to another individual. An electric heater was against the tent and plugged into an extension cord connected to the camper. Petitioner was asleep and could not be easily wakened. Petitioner admitted to the CPS worker that she used heroin and methamphetamines that day and that she used both often. Petitioner further advised the CPS worker that she had recently given birth to another child in Ohio in an effort to evade West Virginia CPS. The DHHR's petition claimed that it had no information about this child, as it explicitly listed the child's date of birth, social security number, and sex as "Unknown." The child was referred to as "U.C." for "unknown child." Further, the DHHR alleged that U.C. was in the custody of the Ohio child welfare authorities. The petition additionally outlined a prior abuse and neglect action in 2015, during which petitioner successfully completed an improvement period and ultimately regained custody of the children.

---

[1] Petitioner appears by counsel Joel Baker. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather Olcott. Counsel Ryan Ruth appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The court held an adjudicatory hearing in June 2022, at which petitioner did not appear but was represented by counsel. The court took judicial notice of the 2015 abuse and neglect action and heard testimony of two DHHR workers. Based on the evidence presented, the court found clear and convincing evidence that all the children were abused and neglected, adjudicating petitioner as an abusing and neglecting parent.

The court proceeded to disposition in October 2022. Once again, petitioner was not present but was represented by counsel. The court heard testimony of a CPS worker, who indicated that petitioner failed to avail herself of services, cooperate in a reasonable family case plan, or address her substance abuse issues. As a result, petitioner was unable to participate in visits with the children throughout the proceedings. Considering the CPS worker's testimony and that petitioner had participated in an improvement period in the prior abuse and neglect action, the court found that petitioner understood the procedure and importance of participating in these proceedings, yet she demonstrated no level of interest. Therefore, the court concluded that granting an improvement period would be an exercise in futility at the expense of the children. The court noted receipt of the guardian's report, which recommended termination of petitioner's custodial rights only, based on the preference of petitioner's two oldest children and the children's need for continuity of care. Therefore, pursuant to the guardian's recommendation and the evidence presented, the court terminated petitioner's custodial rights to all the children, finding no reasonable likelihood conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the children. It is from the dispositional order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

At the outset, we must address the court's adjudication of petitioner in regard to U.C., the unknown child, as it is unclear whether the circuit court properly exercised subject matter jurisdiction over this child. Although no jurisdictional error is alleged on appeal, we have held that "[e]ven if not raised by a party, if there is any question regarding a lack of subject matter jurisdiction under the [Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")] then the court should sua sponte address the issue as early in the proceeding as possible." Syl. Pt. 5, in part, *In re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021). Further, the requirements of the UCCJEA "must be met for a court to have the power to adjudicate child custody disputes." *Id.* at 459, 859 S.E.2d at 402, Syl. Pt. 2, in part (citation omitted). Although the DHHR's petition alleged that petitioner claimed to have given birth to the unknown child in Ohio, the record on appeal is devoid of any evidence or factual findings by the circuit court pertaining to this child. Despite a lack of evidence concerning U.C., at adjudication the court found *all* children named in the petition to be abused and neglected children, which necessarily includes U.C. This Court is unable to analyze whether the circuit court appropriately exercised jurisdiction over the unknown child based on the absence of findings as well as the dearth of evidence in the record on appeal. *See* Syl.

---

[3]U.C.'s father's rights remain intact. In regard to the remaining children, their respective fathers' custodial rights were also terminated; the permanency plan for those children is a subsidized guardianship with the children's maternal grandmother.

2

Pt. 3, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023) (requiring that "[t]o exercise subject matter jurisdiction, the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened" and that "generalized findings applicable to all children named in the petition will not suffice"). Indeed, it is telling that in the response briefs filed with this Court, both the DHHR and the guardian claim that they have "no information" about this child. Therefore, we find clear error in the adjudication of petitioner as it relates to U.C. and, to this extent, the circuit court's adjudicatory order of August 26, 2022, must be vacated and remanded. Furthermore, it is necessary on remand for the circuit court to make the requisite findings in accordance with the UCCJEA for any further determinations regarding U.C. It follows that termination of petitioner's parental rights to U.C. was error as a circuit court cannot proceed to consider disposition without first making the necessary findings at adjudication. *See* Syl. Pt. 3, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019). Accordingly, the circuit court's adjudicatory order of August 26, 2022, and dispositional order of November 30, 2022, must be vacated and remanded to the extent they apply to U.C.

As to termination of petitioner's rights to the remainder of the children, we find no error. Before this Court, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period and proceeding to terminate her custodial rights.

Petitioner's argument concerning a post-dispositional improvement period is unavailing because it is within the circuit court's discretion to refuse to grant an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the evidence before the court revealed that petitioner would be unlikely to improve during an improvement period because she failed to avail herself of DHHR services and had not shown any level of interest. Not only did petitioner miss multiple hearings, she also failed to exercise visits with the children during the proceedings. As we have explained, "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Therefore, the circuit court did not abuse its discretion by denying her a post-dispositional improvement period.

We likewise find no error in the circuit court's termination of petitioner's custodial rights to the remaining children. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are directed to terminate custodial rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. The circuit court found no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future because petitioner failed to participate in hearings, DHHR services, drug treatment, and visits with the children. The court further found termination of petitioner's custodial rights necessary for the welfare of the children, based on the recommendation of the guardian, considering the preferences of the children and their need for continuity of care. Therefore, we find that termination of petitioner's custodial rights was appropriate. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect and abuse can be substantially corrected.").

For the foregoing reasons, we affirm that portion of the November 30, 2022, order terminating petitioner's parental rights to the children, C.R., B.R., R.R., A.R., W.R., and J.L.; however, as to the child U.C., we vacate, the circuit court's August 26, 2022, adjudicatory order and the November 30, 2022, termination order and remand for further proceedings consistent with this decision. The Clerk is directed to issue the mandate contemporaneously herewith.[4]

                                          Affirmed, in part, Vacated, in part,
                                          and Remanded, with directions.

**ISSUED**: November 17, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]The vacation of these orders applies only to petitioner. Those orders also adjudicated and terminated the parental rights of other adult respondents, and they did not appeal those decisions. Accordingly, the portions of the orders concerning the other adult respondents remain in full force and effect.